**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000360
11-FEB-2013
08:42 AM**

NO. CAAP-12-0000360

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JENG-HER CHEN, Plaintiff-Appellant,
v.
HUI-CHUN LU, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 05-1-3305)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

This appeal addresses custody for the minor son (Son) of Plaintiff-Appellant Jeng-Her Chen (Father) and Defendant-Appellee Hui-Chun Lu (Mother). Father appeals from three post-decree orders filed in the Family Court of the First Circuit (family court).[1] Specifically, Father appeals from the "Decision and Order" filed on March 5, 2012; the "Ex Parte Emergency Orders" (Emergency Orders) filed on March 13, 2012; and the order filed on April 19, 2012 following a hearing held pursuant to the Emergency Orders. In these orders, the family court denied Father's request to relocate with Son to Taiwan, and when Father nonetheless took Son to Taiwan, ordered Son's return and awarded legal and physical custody to Mother.

---

[1] The Honorable Catherine H. Remigio presided.

On appeal to this court, Father asserts various errors by the family court, but only provides supporting argument for some points. The points of error not supported by any argument are deemed waived. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) ("Points not argued may be deemed waived."); Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 433, 16 P.3d 827, 838 (App. 2000). We address the following contentions made by Father:

(1) The family court erred in determining that it had subject matter jurisdiction to issue custody orders.

(2) The family court erred in determining that the sole issue in a relocation request is "the child's best interests." Furthermore, in assessing the best interests of this child, the family court "made glaring mistakes and omissions."

(3) The family court's reservation of sanctions on Father's "Motion to Compel Discovery and for Sanctions" (Motion to Compel) had disastrous effects on the conduct of trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Father's points of error as follows:

(1) Whether the family court properly exercised jurisdiction is a question of law that we review de novo. In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001). In this case, the family court properly exercised jurisdiction over Father's Motion to Relocate to Taiwan, filed on September 1, 2011; Mother's motion for sole legal and physical custody, filed on September 13, 2011; and the proceedings that followed. Therefore, the family court had jurisdiction to enter the three orders challenged by Father.

Father does not contest that the parties submitted their divorce and custody dispute to the family court for resolution, beginning with Father's Complaint for Divorce filed on September 30, 2005, which sought custody of Son. Father further recognizes in his opening brief that Hawaii Revised Statutes (HRS) § 583A-105 (2006 Repl.) provides that "[a] court of this State shall treat a foreign country as if it were a state of the United States for the purpose of applying parts I and II." Part II of HRS Chapter 583A deals with the jurisdiction of Hawaii's family courts. Pursuant to provisions contained in Part II,

> [w]hen a Hawai'i court properly asserts jurisdiction and makes an initial child custody determination, that court retains "exclusive, continuing jurisdiction over the determination." HRS § 583A-202 (2006 Repl.). The court's exclusive jurisdiction continues until one of two events occurs:
>
>> (1) A court of this State determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or
>>
>> (2) A court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.
>
> HRS § 583A-202(a)[.]

Beam v. Beam, 126 Hawai'i 58, 60-61, 266 P.3d 466, 468-69 (App. 2011) (footnotes and italics omitted). Thus, one of the requirements before the family court's exclusive jurisdiction is discontinued is that all the parties and the child identified in HRS § 583A-202 (2006 Repl.) must no longer have a significant connection with the State or no longer reside in the State.

Here, the family court properly exercised jurisdiction and made the initial custody determination related to Son because Hawai'i was the home state of Son when Father initiated the custody proceedings in 2005. See HRS § 583A-201 (2006 Repl.); HRS § 583A-102 (2006 Repl.) (defining "home state" as the "state

3

in which a child lived with a parent or a person acting as a parent for a period of at least six consecutive months immediately before the commencement of a child-custody proceeding."). Thereafter, the family court continued to retain exclusive and continuing jurisdiction related to Son's custody. See HRS § 583A-202;[2] Beam, 126 Hawai'i at 60-61, 266 P.3d at 468-69. On September 1, 2011, when Father filed his Motion to Relocate seeking to move with Son to Taiwan, the parties and Son continued to reside in Hawai'i. Throughout the subsequent proceedings that are at issue in this appeal, Mother continued to reside in Hawai'i and maintain a significant connection with the State. Thus, the family court had exclusive and continuing jurisdiction over all of the proceedings in issue pursuant to HRS § 583A-202.

Father's relocation with Son to Taiwan -- in direct violation of the family court's March 5, 2012 Decision and Order -- did not affect the family court's jurisdiction. On March 5, 2012, the family court issued its Decision and Order denying Father's Motion to Relocate and further ordered, among other things, that:

---

[2] HRS § 583A-202 provides, in relevant part:

§583A-202 Exclusive, continuing jurisdiction. (a) Except as otherwise provided in section 583A-204, a court of this State which has made a child-custody determination consistent with section 583A-201 or 583A-203 has exclusive, continuing jurisdiction over the determination until:

> (1) A court of this State determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or

> (2) A court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.

9.    In the event that Father remains on Oahu, the parties shall share legal custody of [Son]. Father shall maintain primary physical custody of [Son] under the current time sharing arrangements.

10.    <u>In the event that Father moves to Taiwan, Mother shall have sole physical custody of [Son]</u>. Father shall have visits with [Son] as follows: all of summer (with the exception of the last week before school starts, and all even-numbered Winter Breaks. Upon 14 days notice, if Father is on Oahu, Father shall have weekend visits with [Son] on Oahu, from Friday after school to Monday drop off at school. Father may exercise visitation outside of the United States.

(Emphasis added). A few days later, Father took Son to Taiwan, directly violating the family court's Decision and Order.

On March 13, 2012, the family court issued its Emergency Orders, including that:

6.    Plaintiff/Father Jeng-Her Chen is hereby ordered to return [Son] to Honolulu, Hawaii and into Defendant/Mother Hui-Chun Lu's custody immediately.

7.    Defendant/Mother Hui-Chun Lu is hereby awarded sole legal and physical custody of [Son], pending further order of the Court.

8.    Plaintiff/Father Jeng-Her Chen's visitation rights with [Son] is hereby revoked until further order of the Court.

9.    Defendant/Mother Hui-Chun Lu and her designated agent are authorized to take possession of [Son] and return [Son] to the State of Hawaii.

10.    The parties shall return for a hearing on this matter on April 19, 2012, at 1:30 p.m. at the Family Court of the First Circuit, State of Hawaii.

After a hearing on April 19, 2012, at which Father failed to appear, the family court issued a further order on the same date, including that:

(1) Mother is awarded sole legal and physical custody of the child and is entitled to take immediate possession of the child.

(2) Father's visitation shall be supervised at Parent[s] and Children [T]ogether or other appropriate agency.

Father's violation of the family court's orders, by removing Son from the State of Hawai'i and failing to immediately return Son to Mother's custody, has no effect on the family

court's jurisdiction. That is, the family court properly exercised its exclusive and continuing jurisdiction under HRS § 583A-202 in issuing the March 5, 2012 Decision and Order, the March 13, 2012 Emergency Orders, and the April 19, 2012 order.

Without citing any authority, Father argues that "[i]t only makes sense that the country of which all parties are citizens should decide their dispute." For the reasons discussed above and the statutes setting forth the jurisdiction of Hawaii's family courts, Father's argument is without merit.

(2) The family court properly ruled that the sole issue in a relocation request is "the child's best interests" and the court considered Son's best interests in making its custody decision. We also conclude that Father failed to show that the family court "made glaring mistakes and omissions" in its assessment of Son's best interests.

In Fisher v. Fisher, 111 Hawai'i 41, 137 P.3d 355 (2006), the Hawai'i Supreme Court held that "[u]nder HRS § 571-46, the sole issue in a custody determination is the child's best interests, which is an issue of ultimate fact." Id. at 47, 137 P.3d at 361; see HRS § 571-46(a)(1) (Supp. 2012) ("[c]ustody should be awarded . . . according to the best interests of the child[.]"); see also Maeda v. Maeda, 8 Haw. App. 139, 143, 794 P.2d 268, 270 (1990). The Hawai'i Supreme Court further explained:

> Hawai'i courts have consistently adhered to the best interests of the child standard as paramount when considering the issue of custody. In so doing, the family court is granted broad discretion to weigh the various factors involved, with no single factor being given presumptive paramount weight, in determining whether the standard has been met.

Fisher, 111 Hawaiʻi at 50, 137 P.3d at 364. HRS § 571-46(b) provides the factors a court shall consider in determining the child's best interests.[3]

There was substantial evidence in the record to support the family court's conclusion that it was in Son's best interests to remain in Hawaiʻi. "[T]he family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on

---

[3] HRS § 571-46(b) provides, in relevant part:

(b) In determining what constitutes the best interest of the child under this section, the court shall consider, but not be limited to, the following:

(1) Any history of sexual or physical abuse of a child by a parent;

(2) Any history of neglect or emotional abuse of a child by a parent;

(3) The overall quality of the parent-child relationship;

(4) The history of caregiving or parenting by each parent prior and subsequent to a marital or other type of separation;

(5) Each parent's cooperation in developing and implementing a plan to meet the child's ongoing needs, interests, and schedule; provided that this factor shall not be considered in any case where the court has determined that family violence has been committed by a parent;

(6) The physical health needs of the child;

(7) The emotional needs of the child;

(8) The safety needs of the child;

(9) The educational needs of the child;

(10) The child's need for relationships with siblings;

(11) Each parent's actions demonstrating that they allow the child to maintain family connections through family events and activities; provided that this factor shall not be considered in any case where the court has determined that family violence has been committed by a parent;

(12) Each parent's actions demonstrating that they separate the child's needs from the parent's needs;

(13) Any evidence of past or current drug or alcohol abuse by a parent;

(14) The mental health of each parent;

(15) The areas and levels of conflict present within the family; and

(16) A parent's prior wilful misuse of the protection from abuse process under chapter 586 to gain a tactical advantage in any proceeding involving the custody determination of a minor[.]

appeal." In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) (citation, internal quotation marks, and brackets omitted).

The family court held a day-long trial regarding Father's request to relocate to Taiwan.  Ten witnesses, including Father and Mother, testified during the trial.  Father's witnesses included his friend, Lisa Su Hong Chen (Chen); Rebecca Knuth (Dr. Knuth), the chairperson of Father's dissertation committee; and Martha Staff (Staff), the assistant director of the University of Hawai'i International Student Services program.

Chen testified about Son's education, health, sports activities, and observations of Father and Son together.  She also described her first-hand experiences and knowledge about Taiwan, its healthcare facilities, and her views on its educational system.  Dr. Knuth testified about her observations of Father and Son together, Father's doctoral program, and Father's job prospects.  Staff responded to questions regarding immigration.

Mother's witnesses included Robin Wurtzel (Wurtzel), an immigration attorney; Marvin Acklin, MD, (Dr. Acklin), the court-appointed custody evaluator; Dee Wong (Wong), Mother's friend who taught at Son's school; Yi Hua Christine Lin (Lin), Mother's friend; and Roanna Lee Chang (Chang), Mother's supervisor at work.

As an immigration expert, Wurtzel testified about the process undertaken to obtain a U Visa and a dependency card, as well as any potential impact the status would have on travel.  Dr. Acklin testified as to his extensive custody evaluation report, which included his assessment of the best interests of Son, incorporating many of the factors listed in HRS § 571-46(b). Dr. Acklin contacted several collateral sources and interviewed the parties and Son as part of the process to develop his assessment.

Wong, Mother's friend and a teacher at Son's school, testified about the parent-child relationship.  She also described her own interactions with Son.  Lin, Mother's friend, testified about the relationship between Mother and Son, as well as her general impression about each of them.  Chang, Mother's supervisor, testified about Mother's character and Mother and Son's relationship.

The parties also testified.  Father discussed, among other things, his relocation plans, his parenting style, the health and educational needs of Son, and conflicts with Mother.  Mother testified, among other things, about Son's activities, his educational and health needs, her immigration status, and her relationship with Father.

The family court considered the "totality of circumstances" and "the reliable and credible evidence presented at trial" to determine that it was not in Son's best interests to relocate with Father to Taiwan at that time.  The family court's pertinent rulings as to Son's best interest were that:

3. The Court finds that it is in [Son's] best interest to have a relationship with both of his parents and that [Son] is bonded to both of his parents.

4. The Court finds that neither parent was entirely credible, and that they are incapable of co-parenting at this time.

5. There was insufficient evidence that [Son] is not doing well in Hawaii.

6. There was insufficient evidence that [Son] will do "better" in Taiwan.  For example, at the time of trial, Father did not know where he would work or live in Taiwan.

7. As such, given the totality of circumstances, and based on the reliable and credible evidence presented at trial, the Court finds that there is insufficient evidence to show that it is in [Son's] best interest to relocate with Father to Taiwan.

8. The Motion to relocate to Taiwan with [Son] is denied without prejudice.

Based on our review of the record, there was substantial evidence to support the family court's determination.

Therefore, the family court correctly ruled that the sole issue in considering Father's relocation request was the best interest of the child. Moreover, the family court's custody rulings are supported by substantial evidence in the record.

(3) Father fails to demonstrate how the family court's reservation of sanctions on Father's Motion to Compel had any effect on the conduct of trial.

In Father's Motion to Compel, he asked Mother to provide the names of her witnesses, numerous types of financial documents, and answers to interrogatories. At trial on December 12, 2011, the family court gave Father the opportunity to support his motion by identifying what documents were missing. The court questioned Mother regarding some of the items mentioned and then asked Father to identify specifically the missing documents that were going to affect Father's ability to present his case at trial. Father's counsel responded that he would let his declaration stand for itself along with his argument. The court then ruled:

> I'm going to reserve the issue of sanctions and we'll deal
> with it on a piecemeal basis via the objection of counsel,
> the failure to disclose the other information. So if
> there's an objection by [Father's counsel] because he is not
> able to cross-examine or impeach had he known this other
> information fully sooner, then I'll take that under
> consideration.

Father fails to provide any discernible argument to show how the family court's reservation of sanctions on his Motion to Compel had any effect on the conduct of the trial. "An appellate court does not have to address matters for which the appellant has failed to present discernible argument." Citicorp, 94 Hawai'i at 433, 16 P.3d at 838; HRAP Rule 28(b)(7). We conclude that the family court did not err when it reserved its decision regarding sanctions until such time as Father objected

10

and demonstrated that he was unable to cross-examine or impeach witnesses at trial.

Therefore,

IT IS HEREBY ORDERED that the March 5, 2012 "Decision and Order," the March 13, 2012 "Ex Parte Emergency Orders," and the April 19, 2012 order issued by the Family Court of the First Circuit are hereby affirmed.

DATED: Honolulu, Hawai'i, February 11, 2013.

On the briefs:

Mark A. Worsham
(Mark A. Worsham, AAL, ALC)
for Plaintiff-Appellant

Huilin Dong
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge

11